```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| WESTON | CIVIL ACTION |
| VERSUS | NO: 10-4540 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | SECTION: "J" (5) |

**ORDER AND REASONS**

Before the Court are Plaintiff Meisha Weston's ("Weston") **Motion to Remand (Rec. Doc. 7)** and Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") **Opposition (Rec. Doc. 8)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

On September 1, 2010, Meisha Weston filed this action against Liberty Mutual seeking recovery of damages incurred as a result of Liberty Mutual's alleged failure to fully pay her Hurricane Gustav-related damages claim. This action was originally filed in the 40th Judicial District Court for the Parish of St. John, State of Louisiana, No. 60-354. Defendant removed the case to this Court, and Plaintiff filed the instant Motion to Remand.

**THE PARTIES' ARGUMENTS**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy

1

exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff insists that the amount in controversy is and has never been in excess of the jurisdictional limit of $75,000.

In its Opposition, Defendant argues that when the petition is silent (as here) on the specific amount of damages, jurisdiction turns on whether the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Grant v. Chevron Phillips Chem. Co. L.P., 309 F.3d 864, 868 (5th Cir. 2002). Defendant explains that Plaintiff's Petition asserts that Defendant is liable for the amount of her loss, as valued under La. R.S. 22:695 (renumbered La. R.S. 22:1318). That statute provides that an insured shall recover the full policy limits for damage to a dwelling in the event of a total loss.

Defendant admits that it objects to the applicability of La. R.S. 22:1318, but it insists that Plaintiff's allegations invoke this statute. Defendant has made payments to Plaintiff for her loss for $4,764.22, yet her policy limit is $171,100. Accordingly, Defendant maintains that Plaintiff's Petition seeks an additional $166,335.78 for damage caused by Gustav. For further support that the amount in controversy exceeds $75,000, Defendant points out that Plaintiff is also seeking attorneys' fees, penalties, and damages under La. R.S. 22:1892 and 22:1973.

Defendant explains that once the removing party's burden is met, remand is proper only if the plaintiff proves "to a legal certainty" that recovery will not exceed the jurisdictional amount. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). Defendant argues that Plaintiff cannot meet this burden by simply asserting that the amount in controversy is less than $75,000.

## DISCUSSION

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

When the petition is silent on the specific amount of damages, jurisdiction turns on whether the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Grant v. Chevron Phillips Chem. Co. L.P., 309 F.3d 864, 868 (5th Cir.

2002). The removing party can meet this burden in one of two ways: (1) by showing that it is "facially apparent" from the complaint that damages will likely exceed $75,000, or (2) by providing "the *facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." Id. (emphasis in original).

The Court finds that Defendant has met its burden and established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Defendant has provided Plaintiff's insurance policy, which includes a policy limit of $171,000 (in addition to coverage of $17,110 for other structures and $128,325 for personal property). Defendant has also provided an affidavit from a Claims Manager, who explains that Liberty Mutual has only paid Plaintiff $4,764.22 out of her $171,100 policy limit on her home.[1]

Moreover, in her Petition, Plaintiff clearly claims a total loss, asserting that "Hurricane Gustav damaged the covered properties as a result of the wind and rain damage, prior to any flooding in the area. The perils damaged, destroyed or otherwise rendered the above described properties uninhabitable." Plaintiff claims that Liberty Mutual is "liable for the amount of [her] loss, valued per La. R.S. 22:695," which provides that an insured

---

[1] The Claims Manager notes that Liberty Mutual also paid Plaintiff $3,174.90 for other structures, $1,660.70 for damage to personal property, and $1,233.00 for additional living expenses.

shall recover the full policy limits for damage to a dwelling in the event of a total loss. Ergo, the Court finds Defendant has demonstrated that Plaintiff has indeed made claims for damages exceeding $75,000 and that the jurisdictional amount is met. Once the removing party's burden is met, remand is proper only if the plaintiff proves "to a legal certainty" that recovery will not exceed the jurisdictional amount. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). The Court agrees that Plaintiff cannot meet this burden by simply asserting that the amount in controversy is less than $75,000.

Accordingly, **IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 7)** is **DENIED**.

New Orleans, Louisiana, this 24th day of January, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE